UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| MOBILE BAYKEEPER, INC., | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) CASE NO.: 1:22-cv-00382-KD-B |
| ALABAMA POWER COMPANY, | ) |
| | ) |
| Defendant. | ) |
| | ) |

## REPLY TO DEFENDANT ALABAMA POWER'S RESPONSE TO PLAINTIFF'S NOTICE OF EPA'S PROPOSED DENIAL OF ALABAMA'S CCR PERMIT PROGRAM

Plaintiff Mobile Baykeeper (Baykeeper) submits this reply to Defendant Alabama Power's Response to Plaintiff's Notice of EPA's Proposed Denial of Alabama's CCR Permit Program, Doc. 87. Alabama Power's filing should be rejected for three reasons.

First, it violates the Rules of this Court. Baykeeper filed its notice pursuant to the Court's local rule which states:

> If pertinent and significant authority comes to a party's notice after the briefs have been filed, but before decision, a party may promptly advise the Court by notice setting forth the citations and stating the reason the authority was not cited in the party's brief . . . . **No response may be filed unless the presiding Judge so authorizes.**

S.D. Ala. Civ. R. 7(f)(3) (emphasis added).

Second, Alabama Power files this improper response to repeat its improper ripeness argument. Alabama Power set out this concept for the first time in its Reply in Support of its Motion to Dismiss. *See* Pl.'s Mot. to Strike New Args. and New Evid. in Def.'s Reply Br., Doc. 66 at 2-3. Though a jurisdictional issue may be raised at any stage of a case (*e.g.*, in a motion to dismiss or at summary judgment), it must be raised properly in an initial motion to which

Baykeeper is allowed to respond fully—not for the first time in a reply brief or in an improper response to a notice of authority.

Third, Alabama Power's description of the CCR Rule's performance standards is wrong. Alabama Power is required to comply with the CCR Rule's standards before it can cap a coal ash impoundment; the requirements of the CCR Rule are not backward-looking. "**[P]rior to** installing" the cap, "[f]ree liquids must be eliminated" from the impoundment, 40 C.F.R. § 257.102 (d)(2)(i), and Alabama Power "must ensure" that its cap in place closure "**will**" "[c]ontrol minimize or eliminate, to the maximum extent feasible, post-closure infiltration of liquids into the waste and releases of CCR, leachate, or contaminated run-off to the ground or surface waters or to the atmosphere" and "**will**" "[p]reclude the probability of future impoundment of water, sediment, or slurry," 40 C.F.R. § 257.102 (d)(1)(i) & (ii) (emphases added). The performance standards do not set out a "cap now, check later" approach.

Alabama Power is now implementing its cap in place closure. *E.g.*, Doc. 60 at 2. Alabama Power admits that it is closing the site with over 8 million tons of ash saturated in water and that its cap in place will leave over 1 million tons of coal ash saturated in water. Alabama Power Third Resp. to EPA Notice of Potential Violations at 2, 4 (Apr. 3, 2023) (40% and 5% of 21.7 million tons).[1] The EPA has determined that Alabama Power is closing the impoundment with over 8 million tons of coal ash saturated in water and that Alabama Power will leave almost 5 million tons of coal ash saturated in water. Doc 64-2 at 9-10 (41% and 23% of 21.7 million tons). Alabama Power is violating the CCR Rule now, and Baykeeper's enforcement claims are ripe.

---

[1] Available at
https://lf.adem.alabama.gov/WebLink/DocView.aspx?id=105077712&dbid=0&cr=1.

Respectfully submitted, this 25th day of August 2023.

                                                    s/ Barry A. Brock
                                                    Barry A. Brock
                                                    *One of the Attorneys for Plaintiffs*

**OF COUNSEL:**

Barry Brock (ASB-9137-B61B)  
Christina Tidwell (ASB-9696-D10R)  
Southern Environmental Law Center  
2829 Second Avenue S., Suite 282  
Birmingham, AL 35233  
Telephone: (205) 745-3060  
bbrock@selcal.org  
ctidwell@selcal.org  

Richard Moore (ASB-5730-M55R)  
450C Government Street  
Mobile, AL 36602  
Telephone: (865) 300-1206  
richardmooreig@hotmail.com  

Nicholas Torrey *(admitted pro hac vice)*  
Southern Environmental Law Center  
601 W. Rosemary St, Suite 220  
Chapel Hill, NC 27516  
Telephone: (919) 967-1450  
ntorrey@selcnc.org  

Frank Holleman *(admitted pro hac vice)*  
Southern Environmental Law Center  
525 East Bay Street, Suite 200  
Charleston, SC 29403  
Telephone: (843) 720-5270  
fholleman@selcsc.org

## **CERTIFICATE OF SERVICE**

I hereby certify that, on August 25, 2023, I electronically filed the foregoing document with the Clerk of Court using the CM/ECF system, which will send notification of the filing to all counsel of record.

s/ Barry A. Brock
Barry A. Brock
*One of the Attorneys for Plaintiffs*
