IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| **MOBILE BAYKEEPER, INC.,** ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Civil Action No. 1:22-00382-KD-B |
| ) | |
| **ALABAMA POWER COMPANY,** ) | |
| ) | |
| Defendant. ) | |

## ORDER

This matter is before the Court on Plaintiff Mobile Baykeeper, Inc.'s ("Baykeeper") Motion to Reconsider, (Doc. 111), and Defendant Alabama Power Company's ("Alabama Power") Response in Opposition, (Doc. 113). Upon consideration and for the reasons set forth herein, Baykeeper's Motion, (Doc. 111), is **DENIED**.

Pursuant to Fed. R. Civ. P. 59(e), Baykeeper requests that the Court reconsider its January 4, 2024, Order, (Doc. 108), granting Alabama Power's Corrected Motion to Dismiss, (Doc. 60). (Doc. 111). Baykeeper cites as grounds for reconsideration "the need to correct clear error or manifest injustice." (Id. at 2) (citing Sonnier v. Comput. Programs & Sys., Inc., 168 F. Supp. 2d 1322, 1336 (S.D. Ala. 2001)). According to Baykeeper, the Court clearly erred in concluding that (1) Baykeeper's injuries are not causally linked to the approved and implemented closure plan; (2) the requested remedy, *i.e.*, closure plan, would not redress Baykeeper's injuries; and (3) the case is not ripe due to possible future contingencies and because there will be no harm in delaying review. (Doc. 111 at 2). Baykeeper asserts that "these conclusions are based on unsupported assumptions, reached without discovery or development of a factual record," and that "[r]eliance on incorrect factual premises to support key legal conclusions renders the Order

1

defective and mandates reconsideration." (Id.). Baykeeper attaches an expert declaration in support of its argument because "it did not have an opportunity or need to submit [it] previously." (Id.) (citing Mays v. U.S. Postal Serv., 122 F.3d 43, 46 (11th Cir. 1997) (per curiam)).

"A motion to alter or amend a judgment must be filed no later than 28 days after the entry of the judgment." Fed. R. Civ. P. 59(e).[1] Motions for reconsideration are a "disfavored, extraordinary remedy that must be employed sparingly." Longmire v. City of Mobile, No. 16-CV-25, 2017 WL 2126824, at *1 (S.D. Ala. May 16, 2017).[2] Rule 59(e) motions "may not be used to relitigate old matters, or to raise arguments or present evidence that could have been raised prior to the entry of judgment." Exxon Shipping Co. v. Baker, 554 U.S. 471, 485 n.5 (2008). Movants are not to be given "two bites at the apple." Am. Home Assurance Co. v. Glenn Estess & Assocs., Inc., 763 F.2d 1237, 1239 (11th Cir. 1985). "They are neither appeal substitutes nor a 'dry run' to test arguments in anticipation of a forthcoming appeal." Lee v. Thomas, No. 10-CV-587, 2012 WL 3137901, at *2 (S.D. Ala. Aug. 1, 2012).

Rather, the only grounds for granting a Rule 59(e) motion are newly discovered evidence or manifest errors of law or fact. U.S. v. Marion, 562 F.3d 1330, 1335 (11th Cir. 2009). "A Rule 59(e) motion briefly suspends finality to enable a district court to fix any mistakes and thereby perfect its judgment before a possible appeal." Banister v. Davis, 590 U.S. 504, 516 (2020).

The Court has thoroughly reviewed Baykeeper's Motion, (Doc. 111), including the attached Declaration of Anthony Brown, (Doc. 111-1), and finds that it is not due to be granted.

---

[1] "This motion is filed within 28 days of the Order and thus is reviewed under Rule 59(e)." (Doc. 111 at 2).
[2] See also Garrett v. Stanton, No. 08-CV-175, 2010 WL 320492, at *2 (S.D. Ala. Jan. 18, 2010) ("Far too often, litigants operate under the flawed assumption that any adverse ruling on a dispositive motion confers upon them license to move for reconsideration, vacatur, alteration or amendment as a matter of course, and to utilize that motion as a platform to criticize the judge's reasoning, to relitigate issues that have already been decided, to champion new arguments that could have been made before, and otherwise to attempt a 'do-over' to erase a disappointing outcome.").

Broadly speaking, the Motion is littered with improper attempts to relitigate old matters and to raise arguments that could and should have been brought prior to the entry of judgment. See Exxon Shipping Co., 554 U.S. at 485 n.5. The Court does acknowledge that if the Declaration of Anthony Brown had been properly submitted[3] with Baykeeper's Standing Brief, (Doc. 99), or at the parties' December 12, 2023, hearing on ripeness and standing, it may have affected the Court's legal conclusion that Baykeeper's instant harms are not redressable by a favorable decision. (See Doc. 108 at 28–31). In any event, redressability is but one element of Article III standing,[4] and the Court is unconvinced that it manifestly erred in concluding that Baykeeper's current injuries are not "fairly traceable" to Alabama Power's alleged statutory violations.[5]

Most on point, the Court is also not persuaded that it manifestly erred by holding that this matter is not ripe for the Court's adjudication. In particular, the Court declines to reassess its holding that the record in this case is not fit for judicial decision at this time. (See Doc. 108 at

---

[3] "[W]here a party attempts to introduce previously unsubmitted evidence on a motion to reconsider, the court should not grant the motion absent some showing that the evidence was not available during the pendency of the motion." Mays, 122 F.3d at 46; Auto. Alignment & Body Serv., Inc. v. State Farm Mut. Auto. Ins. Co., 953 F.3d 707, 730 (11th Cir. 2020) ("The district court correctly explained that when a Rule 59(e) motion is based on new evidence, the movant must 'show that the evidence was previously unavailable.'") (citing Mays, 122 F.3d at 46); (see also Doc. 113 at 26) ("Baykeeper cannot submit previously unsubmitted evidence with its Motion to Reconsider because the years-old factual material was available during the pendency of the Motion to Dismiss. 'Evidence that was previously available, but which a party failed to present to the court, is not considered 'newly discovered evidence' for purposes of a motion for reconsideration.'") (citing Acciard v. Whitney, No. 2:07-CV-476, 2011 WL 13294619, at *2 (M.D. Fla. July 20, 2011)).

[4] See Lujan v. Defs. of Wildlife, 504 U.S. 555, 560 (1992) ("The party invoking federal jurisdiction bears the burden of establishing [the three "irreducible" standing elements]. Since they are not mere pleading requirements but *rather an indispensable part of the plaintiff's case, each element* must be supported in the same way as any other matter on which the plaintiff bears the burden of proof, *i.e.*, with the manner and degree of evidence required at the successive stages of the litigation.") (emphasis added).

[5] (See, e.g., Doc. 113 at 12 ("Baykeeper, however, attempts to make the requirement to eliminate free liquids enforceable now, instead of years from now, and thus create a current violation of the CCR Regulations for standing purposes."), 13 ("Even assuming an alleged violation will occur years from now, that alleged violation is not *directly linked* to any alleged ongoing pollution today, as the Court correctly held.") (emphasis included), and 16 ("Baykeeper attempts to avoid the mismatch of ongoing injuries that began in 1991 with an alleged statutory/regulatory violation by the 2020 closure plan by projecting its members' injuries forward into the future. In the future, Baykeeper argues, if its closure plan were adopted, 'ongoing contamination would stop,' but under the current plan, pollution would allegedly be ongoing and that differential in pollution will be a future injury. . . . In [Clapper v. Amnesty Intern. USA, 568 U.S. 398, 409 (2013)], the Supreme Court held that a future injury must be imminent (i.e., certainly impending)—not happening years from now and subject to contingencies that may make the injury not happen.")).

36–39). "A claim is not ripe for adjudication if it rests upon contingent future events that may not occur as anticipated, or indeed may not occur at all." Tex. v. U.S., 523 U.S. 296, 300 (1998) (cleaned up). "File before the facts underpinning the claim have been sufficiently developed, and a court must dismiss the claim because it is not ripe for the court's review." Club Madonna, Inc. v. City of Miami Beach, 924 F.3d 1370, 1375 (11th Cir. 2019). Because "[t]he final form that the closure plan for the Plant Barry Ash Pond will take is not sufficiently defined and concrete to permit effective decision making by the Court" but "rests upon several contingent future events that may not occur as anticipated," as explained in the Court's January 4 Order, (Doc. 108), it is presently unripe for judicial review and dismissal for want of subject-matter jurisdiction is appropriate. See Petersen v. Overstreet, 819 F. App'x 778, 780 (11th Cir. 2020) (per curiam) ("If a claim is not ripe, the district court lacks subject-matter jurisdiction, and the claim should be dismissed without prejudice."). Accordingly, Baykeeper's Motion, (Doc. 111), is **DENIED**.

    **DONE** and **ORDERED** this **22nd** day of **July 2024**.

> **s / Kristi K. DuBose**
> **KRISTI K. DuBOSE**
> **UNITED STATES DISTRICT JUDGE**