**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION**

| | |
|---|---|
| MOBILE BAYKEEPER, INC.,<br><br>Plaintiff,<br><br>vs.<br><br>ALABAMA POWER COMPANY,<br><br>Defendant. | Case No.: 1:22-CV-00382-KD-B |

# ANSWER

Defendant Alabama Power Company ("Alabama Power"), by and through its counsel, submits this Answer to the Complaint (Doc. 1) filed by Plaintiff on September 26, 2022. Alabama Power denies all allegations in the Complaint except as expressly admitted herein. The numbered paragraphs of this Answer correspond to the numbered paragraphs of the Complaint and the headings of the Complaint are included for organization only. In answering the Complaint, Alabama Power does not waive any defense or agree to admit that the Complaint's headings are accurate, appropriate, or substantiated.

Responding to the numbered paragraphs of the Complaint, Alabama Power states as follows:

## NATURE OF THE CASE

1. Answering the allegations in the first sentence of paragraph 1, Alabama Power admits that Plaintiff purports to bring a citizen suit action challenging Alabama Power's closure plan for a coal combustion residuals ("CCR") impoundment that currently contains approximately 22 million cubic yards of non-hazardous, solid waste located at Alabama Power's Plant Barry in Mobile County, Bucks, Alabama. All remaining allegations in the first sentence of paragraph 1 of

the Complaint are denied. Alabama Power denies the allegations in the second sentence of paragraph 1. Unless expressly admitted, the allegations in paragraph 1 are denied.

2. Alabama Power admits the allegations of the first sentence of paragraph 2. Answering the allegations in the second sentence of paragraph 2, Alabama Power admits that the current closure plan calls for closure in accordance with 40 C.F.R. § 257.102(d), which provides that closure is to be completed by, among other things, leaving some CCR in place and installing a final cover system. All other allegations in the second sentence of paragraph 2 of the Complaint are denied. The allegations in the third sentence of paragraph 2 of the Complaint consist of legal conclusions to which no response is required and which are denied. Answering the allegations in the fourth sentence of paragraph 2, Alabama Power admits that under the closure plan as currently drafted some CCR is projected to remain below zero feet mean sea level. All remaining allegations in the fourth sentence of paragraph 2 of the Complaint are denied. Answering the fifth sentence of paragraph 2 of the Complaint, Alabama Power admits that the impoundment at Plant Barry lies at a bend of the Mobile River and is separated by dikes from the Mobile River's 100-year floodplain, as reflected on FEMA's Flood Insurance Rate Maps. All remaining allegations in the fifth sentence of paragraph 2 of the Complaint are denied. Alabama Power denies the allegations in the sixth sentence of paragraph 2. Except as expressly admitted herein, all remaining allegations in paragraph 2 are denied.

3. Paragraph 3 contains legal conclusions to which no response is required and which are denied.

**<u>JURISDICTION, VENUE, AND NOTICE</u>**

4. Paragraph 4 contains legal conclusions to which no response is required. To the extent a response is deemed required, Alabama Power admits that 42 U.S.C. § 6972(a) and 28

U.S.C. § 1331 are the asserted jurisdictional basis for this action. Any remaining allegations in paragraph 4 are denied.

5. Answering the allegations in the first sentence of paragraph 5, Alabama Power does not contest venue and denies all remaining allegations. Answering the allegations in the second sentence of paragraph 5, Alabama Power states that the Plant Barry CCR surface impoundment, which is the subject of a closure plan that fully complies with 40 C.F.R. § 257.102(d), is located in Mobile County, which is located in the Southern District of Alabama. All other allegations in paragraph 5 of the Complaint are denied.

6. Alabama Power admits that Plaintiff sent Alabama Power a copy of the letter attached to the Complaint as Exhibit 1. Alabama Power lacks knowledge or information sufficient to form a belief as to whether the United States Environmental Protection Agency ("EPA") and the Alabama Department of Environmental Management ("ADEM") received a copy of Exhibit 1. The remaining allegations in paragraph 6 contain legal conclusions to which no response is required and which are denied.

7. Answering the allegations in paragraph 7, Alabama Power admits that more than 60 days passed between service of the letter attached as Exhibit 1 to the Complaint and service of the Complaint. Except as expressly admitted herein, the allegations in paragraph 7 of the Complaint are denied.

8. Answering the allegations in paragraph 8, Alabama Power admits that EPA initiated a civil administrative action for penalties and injunctive relief brought under Sections 3008(a) and 4005(d)(4)(A)(i) of the Resource Conservation and Recovery Act, as amended ("RCRA" or "the Act"), 42 U.S.C. §§ 6928(a) and 6945(d)(4)(A)(i), regarding compliance with EPA's CCR regulations at Plant Barry. That action includes a Consent Agreement and Final Order

entered on September 26, 2024. *See In the Matter of Alabama Power Company, James M. Barry Electric Generating Plant, Bucks, Mobile County, Alabama*, EPA Docket No. RCRA-04-2024-4200(b) (EPA Region 4). Except as expressly admitted herein, the allegations in paragraph 8 are denied.

9. Answering the allegations in the first sentence of paragraph 9, Alabama Power admits it has obtained a permit from ADEM for closure of the CCR impoundment at Plant Barry. Any remaining allegations in the first sentence of paragraph 9 of the Complaint are denied. Answering the allegations in the second and third sentences of paragraph 9, Alabama Power admits that it has begun closure actions pursuant to the permit issued by ADEM and in accordance with 40 C.F.R. § 257.102(d) but denies that there can be no further update or amendment to the closure plan or the ADEM permit. Except as expressly admitted herein, Alabama Power denies the allegations in paragraph 9 of the Complaint.

10. The first and third sentences of paragraph 10 are legal conclusions to which no response is required and which are denied. Alabama Power admits that the State of Alabama's CCR permitting program has not been formally approved by EPA to operate in lieu of EPA's federal CCR regulations. Answering further, Alabama Power notes that EPA has 180 days from the date it determines the submittal of the application to be complete to approve or disapprove the State of Alabama's CCR permitting program. 42 U.S.C. § 6945(d)(1)(B). The remaining allegations in the second sentence of paragraph 10 of the Complaint are denied.

## **PARTIES AND STANDING**

### **The Association and Its Members**

11. The allegations in paragraph 11 are not applicable to Alabama Power and therefore no response is required. To the extent that a response is required, Alabama Power is without

knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 11, and thus those allegations are denied.

12. Alabama Power denies the allegations set forth in the first and fifth sentences of paragraph 12 of the Complaint. In response to the second, third, and fourth sentences of paragraph 12 of the Complaint, Alabama Power is without knowledge or information sufficient to form a belief as to the truth of these allegations, and thus those allegations are denied. With respect to the allegations in the sixth sentence of paragraph 12 of the Complaint, Alabama Power admits that Plaintiff attached declarations as Exhibit 2 to the Complaint purporting to demonstrate standing. Except as expressly admitted herein, the allegations in paragraph 12 of the Complaint are denied.

13. With respect to the first sentence of paragraph 13 of the Complaint, Alabama Power admits that ADEM has issued a permit to Alabama Power authorizing closure in place of the CCR impoundment at Plant Barry with the installation of a final cover system. Alabama Power denies all remaining allegations in the first sentence of paragraph 13 of the Complaint. With respect to the second sentence of paragraph 13 of the Complaint, Alabama Power states that the current closure plan complies with the requirements of 40 C.F.R. § 257.102(b) and may be modified as circumstances require to ensure continued compliance with the federal CCR Rule and the State of Alabama's solid waste regulations. *See* 40 C.F.R. § 257.102(b)(3). All remaining allegations in the second sentence of paragraph 13 of the Complaint are denied. With respect to the third sentence of paragraph 13 of the Complaint, Alabama Power admits that it has begun to implement the current closure plan at Plant Barry, as required by 40 C.F.R. § 257.102(f). All remaining allegations in the third sentence of paragraph 13 of the Complaint are denied. Except as expressly admitted herein, Alabama Power denies the allegations in paragraph 13.

14. Answering the allegations in the first sentence of paragraph 14, Alabama Power admits that it is proceeding with its closure plan for the CCR impoundment at Plant Barry under a closure plan that complies with 40 C.F.R. § 257.102 and the ADEM permit. The remaining allegations in the first sentence of paragraph 14 are denied. The allegations in the second sentence of paragraph 14 are legal conclusions to which no response is required and which are denied. Alabama Power denies the allegations in the third sentence of paragraph 14. Unless expressly admitted, the allegations in paragraph 14 are denied.

15. The allegations in paragraph 15 are legal conclusions to which no response is required and which are denied.

**Defendant**

16. Alabama Power admits the allegations in the first, second, and third sentences of paragraph 16. Answering the allegations in the fourth sentence of paragraph 16, Alabama Power admits that it owns and operates Plant Barry and its CCR impoundment, which is subject to the closure plan at issue in this action. Any remaining allegations in the fourth sentence of paragraph 16 of the Complaint are denied.

17. The allegations in paragraph 17 constitute legal conclusions to which no response is required and which are denied.

**STATUTORY AND REGULATORY BACKGROUND**

18. Answering the allegations in paragraph 18, Alabama Power admits that EPA published regulations addressing the disposal of CCR that were effective October 19, 2015, and that have been subsequently amended on multiple occasions. Answering further, Alabama Power states that EPA has recently proposed amendments to the CCR Rule, re-opened the federal permit program for comment, and issued an advance notice of proposed rulemaking for a general federal

permit program. Any remaining allegations in paragraph 18 constitute legal conclusions to which no response is required and which are denied.

19. The allegations in paragraph 19 constitute legal conclusions to which no response is required and which are denied. The regulations speak for themselves.

20. The allegations in the first, second, and third sentences of paragraph 20 constitute legal conclusions to which no response is required and which are denied. The regulations speak for themselves. Answering the allegations in the fourth sentence, Alabama Power admits that the current closure plan for the Plant Barry CCR impoundment calls for closure in accordance with 40 C.F.R. § 257.102(d), which provides that closure is to be completed by, among other things, leaving some CCR in place and installing a final cover system, and that ADEM issued a final permit to Alabama Power approving the written closure plan in July 2021. Except as expressly admitted, the allegations in paragraph 20 are denied.

21. The allegations in paragraph 21 constitute legal conclusions to which no response is required and which are denied. The regulations speak for themselves.

22. The allegations in paragraph 22 and its subparts constitute legal conclusions to which no response is required and which are denied. The regulations speak for themselves.

23. Alabama Power denies the allegations in the first sentence of paragraph 23. The allegations in the second and third sentences of paragraph 23 contain incomplete, out-of-context quotations from a portion of an EPA press release and are contrary to other EPA statements and the plain language of the regulations. Unless expressly admitted, the allegations in paragraph 23 are denied.

24. Alabama Power admits that, as required by 40 C.F.R. § 257.102(f), it has begun to implement the current closure plan for the Plant Barry CCR impoundment in accordance with

40 C.F.R. § 257.102(d), which provides that closure is to be completed by, among other things, leaving some CCR in place and installing a final cover system, and that such closure and the closure plan are in full compliance with 40 C.F.R. § 257.102 and the ADEM permit. Except as expressly admitted herein, the allegations in paragraph 24 are denied.

25. The allegations in paragraph 25 constitute legal conclusions to which no response is required and which are denied.

***Free Liquids***

26. Paragraph 26 quotes a regulation, which speaks for itself and provides the best evidence of its content. Further, the allegations constitute a legal conclusion to which no response is required and which are denied.

27. Paragraph 27 quotes a regulation, which speaks for itself and provides the best evidence of its contents. Further, the allegations constitute a legal conclusion to which no response is required and which are denied.

28. The allegations in paragraph 28 are denied.

29. The allegations in paragraph 29 are denied.

30. The allegations in paragraph 30 of the Complaint constitute legal conclusions to which no response is required and which are denied.

31. The allegations in paragraph 31 of the Complaint constitute legal conclusions to which no response is required and which are denied.

32. The allegations in paragraph 32 of the Complaint constitute legal conclusions to which no response is required and which are denied.

***Future Impoundment of Water, Sediment, or Slurry***

33. The allegations in paragraph 33 of the Complaint constitute legal conclusions to

which no response is required and which are denied. The regulations speak for themselves.

34. The allegations in the first sentence of paragraph 34 quote 40 C.F.R. § 257.53, which speaks for itself. Further, the allegations in the first sentence of paragraph 34 constitute legal conclusions to which no response is required and which are denied. Alabama Power denies the allegations in the second sentence of paragraph 34. To the extent there are any remaining allegations contained within this paragraph, they are denied.

***Post-Closure Infiltration and Releases***

35. The allegations in paragraph 35 of the Complaint constitute legal conclusions to which no response is required and which are denied. The regulations speak for themselves.

36. The allegations in paragraph 36 constitute legal conclusions to which no response is required and which are denied.

37. With respect to the allegations in paragraph 37, Alabama Power admits that, in addition to closure in place, EPA's CCR regulations authorize the closure of a CCR impoundment by removal of the CCR and that some companies have elected that option. With respect to the specific allegations in paragraph 37 regarding other sites, Alabama Power admits that Georgia Power is closing certain CCR impoundments by removal, which is one of the options provided in the regulations. Alabama Power is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 37, and thus those allegations are denied. Any remaining allegations in paragraph 37 are denied.

38. The allegations in paragraph 38 are denied.

39. The allegations in paragraph 39 constitute legal conclusions to which no response is required and which are denied.

## FACTS

40. Answering the allegations in the first sentence of paragraph 40, Alabama Power admits that the impoundment at Plant Barry currently contains approximately 22 million cubic yards of CCR. Except as expressly admitted, Alabama Power denies the allegations in the first sentence of paragraph 40. With respect to the second sentence of paragraph 40, Alabama Power admits that the CCR impoundment at Plant Barry was completed in 1965 to receive CCR wet-sluiced from the plant and the construction process included, among other activities, the construction of dikes near a bend of the Mobile River. Except as expressly admitted, Alabama Power denies the allegations in the second sentence of paragraph 40. With respect to the third sentence of paragraph 40, Alabama Power admits that a bend of the Mobile River and the plant's cooling canal extend around a portion of the perimeter of the CCR impoundment. Except as expressly admitted, Alabama Power denies the allegations in the third sentence of paragraph 40. With respect to the allegations in the fourth sentence of paragraph 40, Alabama Power admits that the impoundment is separated by dikes from the Mobile River's 100-year floodplain, as reflected on FEMA maps, but denies the remaining allegations in the fourth sentence of paragraph 40. Unless expressly admitted, the allegations in paragraph 40 are denied.

41. Answering the allegations in the first sentence of paragraph 41, Alabama Power admits that there is currently some amount of water in the impoundment at Plant Barry. Alabama Power denies the remaining allegations in the first sentence of paragraph 41. Answering the allegations in the second sentence of paragraph 41, Alabama Power admits that the final cover system described in the closure plan is designed to divert stormwater from the CCR and that the drainage and dike system to be installed is designed to isolate CCR in the impoundment from water level fluctuations outside of impoundment, including during high water events and floods.

Alabama Power denies the remaining allegations in the second sentence of paragraph 41. The allegations in the third sentence of paragraph 41 are too vague to enable a response, and thus those allegations are denied. With respect to the allegations in the fourth sentence of paragraph 41, Alabama Power states that flood levels of 15 to 16 feet in the area of Plant Barry, were they to occur, would not be expected to cause damage to the CCR impoundment at Plant Barry because any such flood waters would not overtop the dikes. Alabama Power denies the remaining allegations in the fourth sentence of Paragraph 41. Unless expressly admitted, the allegations in paragraph 41 are denied.

42. The allegations in the first sentence of paragraph 42 are denied. Answering the allegations in the second sentence of paragraph 42, Alabama Power admits that it contains a quotation from a cited source; however, the cited source speaks for itself and provides the best evidence of its contents. Alabama Power denies any allegations contrary to the plain meaning, language, and context of the cited source. Unless expressly admitted, the allegations in paragraph 42 are denied.

43. Answering the allegations in the first sentence of paragraph 43, Alabama Power admits that ADEM issued the cited Administrative Order in 2018 but denies the characterization of the order. The order speaks for itself. All remaining allegations in the first sentence of paragraph 43 are denied. In response to the allegations in the second and third sentences of paragraph 43, Alabama Power admits that it prepared Groundwater Monitoring and Corrective Action Reports for 2020. The reports speak for themselves. All remaining allegations in the second and third sentences of paragraph 43 are denied. Unless expressly admitted, the allegations in paragraph 43 are denied.

44. Answering the allegations in the first sentence of paragraph 44, Alabama Power

admits that its closure plan and ongoing closure of the CCR impoundment at Plant Barry must comply with, and do comply with, 40 C.F.R. § 257.102 and the ADEM permit. Alabama Power denies all remaining allegations in the first sentence of paragraph 44. Answering the allegations in the second and third sentences of paragraph 44, Alabama Power admits that the current closure plan for the Plant Barry CCR impoundment was prepared in accordance with 40 C.F.R. § 257.102(d), which provides that closure is to be completed by, among other things, leaving some CCR in place and installing a final cover system, and that such closure and the closure plan are in full compliance with 40 C.F.R. § 257.102 and the ADEM permit. Alabama Power denies all remaining allegations in the second and third sentences of paragraph 44. The allegations in the fourth sentence of paragraph 44 of the Complaint constitute legal conclusions to which no response is required and which are denied. Unless expressly admitted, the allegations in paragraph 44 are denied.

45. Answering the allegations in the first, second, and third sentences of paragraph 45, Alabama Power admits that the current closure plan for the Plant Barry CCR impoundment was prepared in accordance with 40 C.F.R. § 257.102(d), which provides that closure is to be completed by, among other things, leaving some CCR in place and installing a final cover system, and that such closure and the closure plan are in full compliance with 40 C.F.R. § 257.102 and the ADEM permit. All other allegations in the first, second, and third sentences of paragraph 45 are denied. With respect to the allegations in the fourth sentence of paragraph 45, Alabama Power intends to comply with EPA's CCR regulations and the ADEM permit regarding post-closure care or such other regulations or permit in effect at the completion of closure. Alabama Power denies all other allegations in the fourth sentence of paragraph 45. Unless expressly admitted, the allegations in paragraph 45 are denied.

46. The allegations in paragraph 46 are denied.

47. Alabama Power denies the allegations in the first sentence of paragraph 47. With respect to the second sentence of paragraph 47, Alabama Power states that these allegations refer to unspecified data from unspecified groundwater sampling. Alabama Power is without information sufficient to admit or deny these allegations and therefore denies the allegations in the second sentence of paragraph 47. With respect to the third sentence of paragraph 47, Alabama Power states the current closure plan for the Plant Barry CCR impoundment was prepared in accordance with 40 C.F.R. § 257.102(d), which provides that closure is to be completed by, among other things, leaving some CCR in place and installing a final cover system, and that such closure and the closure plan are in full compliance with 40 C.F.R. § 257.102 and the ADEM permit. Alabama Power further states that these allegations purport to quote from and paraphrase an unnamed consultant. If the allegation in the third sentence is attempting to characterize a written document, that document speaks for itself and provides the best evidence of its contents. Alabama Power denies any remaining allegations in the third sentence of paragraph 47. Unless expressly admitted, the allegations in paragraph 47 are denied.

48. Answering the allegations in the first, third, and fourth sentences of paragraph 48, Alabama Power states that the current closure plan for the Plant Barry CCR impoundment was prepared in accordance with 40 C.F.R. § 257.102(d), which provides that closure is to be completed by, among other things, leaving some CCR in place, constructing another dike, and installing a final cover system, and that such closure and the closure plan are in full compliance with 40 C.F.R. § 257.102 and the ADEM permit. The remaining allegations in the first, third, and fourth sentences of paragraph 48 are legal conclusions to which no response is required and which are denied. In response to the allegations in the second sentence of paragraph 48, Alabama Power

admits that the construction of the impoundment at Plant Barry included the erection of dikes, among other activities. The remaining allegations in the second sentence of paragraph 48 are denied. Unless expressly admitted, any remaining allegations in paragraph 48 are denied.

49. Answering the allegations in paragraph 49, Alabama Power states that the current closure plan for the Plant Barry CCR impoundment was prepared in accordance with 40 C.F.R. § 257.102(d), which provides that closure is to be completed by, among other things, leaving some CCR in place and installing a final cover system, and that such closure and the closure plan are in full compliance with 40 C.F.R. § 257.102 and the ADEM permit. The remaining allegations are vague and constitute legal conclusions to which no response is required and which are denied. All remaining allegations in paragraph 49 are denied.

## CLAIMS FOR RELIEF

50. All responses to the preceding paragraphs stated above are incorporated by reference as if repeated and set forth herein.

51. The allegations in paragraph 51 are denied.

52. The allegations in paragraph 52 are denied.

### COUNT 1
### 40 C.F.R. § 257.102(d)(2) and RCRA

53. The allegations in paragraph 53 are denied.

### COUNT 2
### 40 C.F.R. § 257.102(d)(1)(ii) and RCRA

54. The allegations in paragraph 54 are denied.

### COUNT 3
### 40 C.F.R. § 257.102(d)(1)(i) and RCRA

55. The allegations in paragraph 55 are denied.

56. The allegations in paragraph 56 are denied.

57. The allegations in paragraph 57 are denied.

**ANSWER TO THE PRAYER FOR RELIEF**

Alabama Power denies that Plaintiff is entitled to the relief requested, or to any relief.

**AFFIRMATIVE DEFENSES**

Without altering the burden of proof or conceding that it has the burden of proof on any of the defenses set out below, Alabama Power will rely on the following defenses and any and all further defenses that become available or appear during this action, including through discovery. Alabama Power specifically reserves the right to amend this Answer for purposes of asserting additional defenses.

**First Defense**

All allegations in the Complaint not admitted, denied, or explained are denied generally.

**Second Defense**

This Court lacks subject matter jurisdiction over Plaintiff's claims because Plaintiff lacks Article III standing to bring them and/or because those claims are moot.

**Third Defense**

Plaintiff's claims are barred in whole or in part by the doctrines of laches, waiver, and estoppel.

**Fourth Defense**

Plaintiff's claims are barred to the extent they fail to state a claim upon which relief may be granted.

**Fifth Defense**

Plaintiff's claims are contrary to the plain language of EPA's regulations at 40 C.F.R. Part 257 and are thus barred by 42 U.S.C. § 6976(b), which provides: "Action of the Administrator

with respect to which review could have been obtained under this subsection shall not be subject to judicial review in civil or criminal proceedings for enforcement."

**Sixth Defense**

Plaintiff has failed to exhaust all administrative remedies.

**Seventh Defense**

Plaintiff's claims should be dismissed under the doctrines of primary jurisdiction and abstention.

**Eighth Defense**

The Court lacks jurisdiction over Plaintiff's claims under 42 U.S.C. § 6972(a)(1)(A) because they do not allege a violation of a permit, standard, regulation, condition, requirement, prohibition, or order under RCRA.

WHEREFORE, Alabama Power prays that this action be dismissed and any and all requests for relief be denied and that Alabama Power recovers its costs and such other relief, legal and equitable, to which it is entitled.

Respectfully submitted this the 29th day of July, 2026.

*s/ Raymond L. Bell, Jr.*
One of the Attorneys for the Defendant

OF COUNSEL:
Jaime W. Betbeze (jbetbeze@maynardnexsen.com)
Raymond L. Bell, Jr. (rbell@maynardnexsen.com)
Evan N. Parrott (eparrott@maynardnexsen.com)
Maynard Nexsen P.C.
RSA Battle House Tower
11 North Water Street, Suite 24290
Mobile, AL 36602
Telephone: 251-432-0001

and

OF COUNSEL:
Charles Burkhart (cburkhart@balch.com)
Steven A. Burns (sburns@balch.com)
Sean W. Shirley (sshirley@balch.com)
Balch & Bingham LLP
Post Office Box 306
Birmingham, AL 35201-0306
Telephone: (205) 251-8100

**CERTIFICATE OF SERVICE**

I hereby certify that on this 29th day of July 2026, a copy of the foregoing was filed using the Court's CM/ECF system, which sends electronic notice to all counsel of record.

*s/ Raymond L. Bell, Jr.*
OF COUNSEL