**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF ALABAMA**
**SOUTHERN DIVISION**

| | |
|---|---|
| MOBILE BAYKEEPER, Inc.,<br><br>Plaintiff,<br><br>vs.<br><br>ALABAMA POWER COMPANY,<br><br>Defendant. | Case No.: 1:22-CV-00382-KD-B |

**REPORT OF PARTIES' PLANNING MEETING**

Pursuant to Fed.R.Civ.P. 26(f), the parties met virtually on August 10 and 11, 2026. The meetings were attended by:

Barry Brock, Ryan Anderson and Nick Torrey for plaintiff, Mobile Baykeeper, Inc. ("Baykeeper").

Raymond Bell, Sean Shirley and Brent Rosser for defendant, Alabama Power Company ("Alabama Power").

In addition to the meetings, the parties communicated regularly via telephone and electronic mail.

The parties do not request a conference with the court before entry of the scheduling order.

1. Baykeeper's Narrative Statement:

Baykeeper brings this action under the Resource Conservation and Recovery Act ("RCRA") for violations of the Coal Combustion Residuals ("CCR") Rule. Specifically, Baykeeper alleges that Alabama Power Company's closure of its coal ash impoundment at the James M. Barry Electric Generating Plant ("Plant Barry") violates three closure performance

standards in the CCR Rule. First, Alabama Power's closure fails to eliminate all free liquids from the CCR material. Second, the closure fails to control, minimize or eliminate, to the maximum extent feasible, post-closure infiltration of liquids into the waste. Third, the closure fails to preclude the probability of future impoundment of water, sediment and slurry in the CCR unit. 40 C.F.R. § 102(d)(2)(i), 102(d)(1)(i)-(ii).

Baykeeper will prove these violations based on undisputed evidence that coal ash at Plant Barry is, and will continue post-closure to be, in contact with groundwater. Baykeeper will further show this groundwater flows in and out of the impoundment, proving that Alabama Power Company is in violation of all three performances standards in the CCR Rule.

The violations are demonstrated by Alabama Power's own documents, public records, Environmental Protection Agency ("EPA") determinations, and will be verified by scientific experts. EPA issued a Notice of Potential Violation ("NOPV") to Alabama Power on January 31, 2023 (*see* Doc. 64-1). In the NOPV, which was based upon careful scientific review, EPA concluded that the closure being implemented at Plant Barry appeared to violate all three of the performance standards enforced here by Baykeeper because it would leave 23-41% of the CCR material in groundwater and would allow infiltration into and out of the impoundment from the side and bottom of the unlined pit in perpetuity.

Based on similar analysis and conclusions, EPA rejected the State of Alabama's application for a state CCR permitting program in 2024 after reviewing several state closure permits issued to Alabama Power and ongoing closure activity at several sites. Thus, the 2021 Plant Barry state permit was not issued pursuant to an EPA-approved state program, and the federal closure requirements and performance standards govern in this case.

In its recent opinion finding Baykeeper has standing here and its claims are ripe, the

Eleventh Circuit Court of Appeals succinctly summarized the meaning of the CCR Rule closure standards as follows: "[N]o liquids in—and no liquids out." *Mobile Baykeeper v. Alabama Power Company*, 175 F.4th 1316, 1320 (11th Cir. 2026). That interpretation is consistent with EPA's interpretation and Baykeeper's claims in this case. It is also consistent with the D.C. Circuit's view: "The 2015 Rule, *standing on its own*, makes clear that operators cannot close their surface impoundments with groundwater leaching in and out of the unit and mixing with the coal residuals." *Electric Energy, Inc. et al. v. EPA*, 106 F.4th 31, 41 (D.C. Cir. 2024) (emphasis added). These standards have been in place for over a decade. Baykeeper is "enforc[ing] existing federal administrative policies," a right the Eleventh Circuit held is ripe for enforcement. *Mobile Baykeeper*, 175 F.4th at 1326.

Alabama Power's Narrative Statement:

Alabama Power is in full compliance with the federal regulations regarding the management of CCR at Plant Barry. Alabama Power's current closure plan for the CCR impoundment at Plant Barry meets the requirements of the regulations, which the United States Environmental Protection Agency ("EPA") developed to "ensure no reasonable probability of adverse effects on health or the environment." 80 Fed. Reg. 21,302, 21,310 (Apr. 17, 2015).

By way of background, in April 2015, EPA issued federal regulations that govern nearly every aspect of the management and disposal of CCR, a non-hazardous material that historically has been managed in on-site CCR impoundments at power plants. These regulations—often referred to as the CCR Rule—are self-implementing, "meaning that the requirements [are] such that facilities could comply with the regulatory requirements without the need to interact with a regulatory authority." *Id*. at 21,312.

The CCR Rule is comprehensive and includes requirements related to locations of CCR facilities, design, operations, groundwater monitoring, corrective action, closure of CCR impoundments, post-closure care of CCR impoundments, recordkeeping, notification, and internet posting. *See, e.g.*, 40 C.F.R. §§ 257.70-107. In addition to the federal CCR Rule, Alabama has state standards and a permitting program for the management of CCR in surface impoundments. ADEM Admin. Code rr. 335-13-15. The state CCR Rule generally mirrors the federal CCR Rule and is administered and implemented by the Alabama Department of Environment Management ("ADEM").

Since their inception, Alabama Power has complied and continues to comply with all aspects of the federal and state CCR Rules. Baykeeper's complaint does not contend otherwise, with one exception. It claims that Alabama Power's current closure plan for the CCR impoundment at Plant Barry—which was initially made public in 2016 and is subject to periodic amendment in response to regulatory and engineering developments—does not ensure compliance with some of the federal CCR Rule's closure performance standards. Baykeeper specifically claims that Alabama Power's closure plan is "unlawful" because, as currently written, it allegedly could leave some CCR in contact with groundwater when closure is expected to be completed in 2031. *See, e.g.*, Doc. 1 ¶ 1 ("This citizen suit action challenges the unlawful closure plan of Defendant Alabama Power Company …."), ¶ 32 ("a coal ash impoundment cannot be capped in place when ash is in contact with groundwater"). As Alabama Power will show, Baykeeper's claims lack merit.[1]

[1] The Eleventh Circuit did not decide the meaning of the CCR Rule's performance standards in this case, making clear in its decision that "[t]ime will tell which party's stance on the regulation is correct[.]" *Mobile Baykeeper, Inc. v. Alabama Power Co.*, 175 F.4th 1316, 1326 (11th Cir. 2026).

The CCR Rule authorizes two methods of closure: (1) excavation and removal of the CCR; and (2) closure in place with a final cover system. EPA has said that "both methods of closure … can be equally protective," and the CCR Rule allows the owner to select which method is appropriate for a particular CCR unit. *Id*. at 21,412. At Plant Barry, Alabama Power responded to EPA's self-implementing CCR Rule by selecting closure in place as the appropriate method, which ADEM approved through a closure permit in 2021 that Baykeeper did not appeal. *See* Doc. 54 at 11-12. Importantly, contrary to Baykeeper's claims, EPA has made clear that there is no categorical prohibition against closing in place when CCR may be in contact with groundwater.[2] Alabama Power's closure plan, which is currently being implemented at the site as required by 40 C.F.R. § 257.102(f), complies with the CCR Rule. To date, Alabama Power has spent approximately $594 million closing the CCR impoundment at Plant Barry.

Baykeeper's request for injunctive relief seeks an order requiring Alabama Power to "file[]" an amended closure plan that Baykeeper believes complies with its understanding of the CCR Rule. Doc. 1, Prayer for Relief, ¶ C. To that end, Alabama Power notes that EPA recently (1) proposed amendments to the CCR Rule, including amendments to the closure provisions, 91 Fed. Reg. 18,968 (Apr. 13, 2026); and (2) proposed to approve ADEM's application for a partial state CCR permit program, 91 Fed. Reg. 43,054 (July 14, 2026). *See* 42 U.S.C. § 6945(d).

Alabama Power's First, Third, Fourth, Fifth, Sixth, Seventh and Eighth Affirmative Defenses are largely based on the facts and arguments above, as well as the plain language of the applicable regulations. With respect to Alabama Power's Second Affirmative Defense, although the Eleventh Circuit held that Baykeeper had standing to pursue its claim at the Rule 12(b) stage,

---

[2] *See, e.g.*, Br. of Resp't EPA at 34, *Elec. Energy, Inc. v. EPA*, No. 22-1056 (consolidated with No. 22-1058) (D.C. Cir. Dec. 29, 2023) ("For the units with CCR with groundwater migrating into and out of the unit, *EPA never proposed that any of these facilities would need to remove all waste to close the units, and explicitly confirmed that closure with waste-in-place is still an option*.") (emphasis added).

Baykeeper has the burden of proof to demonstrate with admissible evidence the elements necessary to establish standing at all stages of the case.

2. This non-jury action should be ready for trial by **February 2028** and at this time is expected to take approximately seven days (three days for Baykeeper's case; four days for Alabama Power's case).

3. The parties request a pretrial conference approximately one month before trial.

4. Discovery Plan. The parties jointly propose to the court the following discovery plan:

Baykeeper states that discovery will be needed on the following subjects: a Rule 34(a)(2) site inspection, the details of closure plan and program and any modifications not reflected in publicly available documents, site conditions, site hydraulics (including post-closure movement of groundwater), additional remedial measures that would separate ash from water, recycling of ash and the current status of the on-site recycling facility, status of closure and current timelines for completion, status of any permit application and content, analysis of flood risk, storm risk, structural stability, and ground and surface water pollution.

Alabama Power states that discovery will likely be needed on several topics, including but not limited to the following: (1) Baykeeper's alleged standing to bring its claims; (2) Alabama Power's alleged non-compliance with the CCR Rule; and (3) Baykeeper's request for injunctive relief. Such discovery would likely include the factual basis for Plaintiff's alleged standing; any sampling or other assessments or evaluations conducted by Plaintiff of environmental conditions at or near Plant Barry; the basis for any expert testimony provided by Plaintiff; the basis for Plaintiff's claims that Alabama Power's closure plan fails to comply with the CCR Rule; the basis for Plaintiff's request for injunctive relief, including but not limited to the factual basis for any claim related to alleged irreparable injury, hardship to

Plaintiff, and the public interest.

Fact discovery shall be completed by **March 12, 2027**; expert discovery shall be completed by **August 20, 2027**.

5. Initial Disclosures. The parties will exchange the information required by Fed.R.Civ.P. 26(a)(1) within 45 days of entry of a scheduling order or agreed extension where warranted.

6. Any motion for leave to join additional parties or amend the pleadings must be filed by **December 11, 2026**.

7. Reports from retained experts under Rule 26(a)(2) due:

a. from Baykeeper by **February 26, 2027**. Baykeeper shall make its experts available for deposition by no later than April 30, 2027.

b. from Alabama Power by **May 14, 2027**. Alabama Power shall make its experts available for deposition by no later than **June 30, 2027**.

Baykeeper shall serve any rebuttal expert reports by **July 9, 2027**; Alabama Power shall serve any sur-rebuttal expert reports by **July 30, 2027**. The parties shall make any expert submitting a rebuttal report available for deposition prior to the close of expert discovery.

8. Pretrial Disclosures. The deadline for final lists of witnesses and exhibits under Rule 26(a)(3) shall be two weeks prior to the pre-trial conference.

9. Discovery Limits.

Maximum of 25 interrogatories by each party to any other party. Responses due 45 days after service or agreed extension where warranted.

Maximum of 10 depositions by Baykeeper and 10 by Alabama Power. Each deposition limited to maximum of eight hours unless extended by agreement of parties.

Maximum of 25 requests for admission by each party to any other party. Responses

due 45 days after service or agreed extension where warranted.

Maximum of 50 requests for production of documents by each party to any other party.

Responses due 45 days after service or agreed extension where warranted.

10. All potentially dispositive and *Daubert* motions filed by **September 30, 2027**.

11. Settlement is unlikely.

12. After entry of a scheduling order, Baykeeper agrees to work in good faith with Alabama Power on the entry of an agreed upon protective order and an agreed upon ESI protocol.

Respectfully submitted, this 19th day of August 2026.

__*Barry Brock (with permission)*__________
Barry Brock (ASB-9137-B61B)
Christina Tidwell (ASB-9696-D10R)
Ryan Anderson (ASB-7600-M22Y)
Southern Environmental Law Center
2829 Second Avenue S., Ste. 282
Birmingham, AL 35233
tel: (205) 745-3060
fax: (205) 745-3064
bbrock@selcal.org
ctidwell@selcal.org
randerson@selc.org

and

Nicholas Torrey *(admitted pro hac vice)*
Southern Environmental Law Center
601 W. Rosemary St., Suite 220
Chapel Hill, NC 27516
Telephone: (919) 967-1450
ntorrey@selcnc.org

Frank Holleman *(admitted pro hac vice)*
Southern Environmental Law Center
525 East Bay Street, Suite 200
Charleston, SC 29403
Telephone: (843) 720-5270
fholleman@selcsc.org

__*/s/ Evan N. Parrott*_____________
Jaime W. Betbeze
(jbetbeze@maynardnexsen.com)
Raymond L. Bell, Jr.
(rbell@maynardnexsen.com)
Evan N. Parrott
(eparrott@maynardnexsen.com)
Maynard Nexsen P.C.
RSA Battle House Tower
11 North Water Street, Suite 24290
Mobile, AL 36602
Telephone: 251-432-0001

and

F. William Brownell *(admitted pro hac vice)*
Hunton Andrews Kurth LLB
2200 Pennsylvania Ave., Ste. 900
Washington, DC 20037
Telephone: (202) 955-1555
bbrownell@hunton.com

Brent A. Rosser *(admitted pro hac vice)*
Hunton Andrews Kurth LLB
101 South Tryon St., Ste. 3500
Charlotte, NC 28280
Telephone: (704) 378-4707
brosser@hunton.com

Charles Burkhart (cburkhart@balch.com)

Steven A. Burns (sburns@balch.com)
Sean W. Shirley (sshirley@balch.com)
Balch & Bingham LLP
Post Office Box 306
Birmingham, AL 35201-0306
Telephone: (205) 251-8100

**CERTIFICATE OF SERVICE**

I hereby certify that on this 19th day of August 2026, a copy of the foregoing was filed using the Court's CM/ECF system, which sends electronic notice to all counsel of record.

*./s/ Evan N. Parrott*
OF COUNSEL