**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF ALABAMA**
**SOUTHERN DIVISION**

MOBILE BAYKEEPER, Inc.,

Plaintiff,

vs.

ALABAMA POWER COMPANY,

Defendant.

**Case No.: 1:22-CV-00382**

**STIPULATED PROTECTIVE ORDER**

The action is before the Court on the parties' proposed stipulated protective order. Upon review and for good cause shown the Court hereby enters, the following Protective Order:

1. This Order shall govern the disclosure of materials designated as Confidential Material in this litigation. Confidential Material, as used in this Order, shall refer to any document or item designated as Confidential, including but not limited to, documents or items produced during discovery, deposition testimony, all copies thereof, and the information contained in such material. Nothing in this Order shall require any party to produce any specific documents or category of documents.

Definitions of Confidential Material

2. Confidential Material, as used in this Order, consists of the following materials and categories of materials:

a. Materials which are not publicly available that constitutes protected personal information or information that contains commercial, trade secret, or other information that is entitled to confidential treatment pursuant to Rule 26(c) of the Federal Rules of Civil Procedure, or any other statute, regulation, applicable court order or rule, or common law rule restricting disclosure, so long as such information

has not been disclosed by the producing Party to the public or third parties who are not under a duty to protect the confidentiality of the information, and the information is not otherwise publicly available. Such Confidential Material may include, materials disclosing design, development, financial, technical, marketing, planning, personal, or commercial information; contracts; non-public compilations of prices; proprietary information; vendor agreements; personnel files; claim/litigation information; and nonpublic policies and procedures. Documents that constitute monitoring, sampling, or environmental or water testing of effluent, groundwater, surface water, or discharges to groundwater or surface water are not entitled to confidential treatment solely under this paragraph.

b. Materials containing corporate trade secrets, nonpublic research and development data, including, but not limited to, cost data, pricing information and formulas, inventory management programs, and other sales or business information not known to the public; information obtained from a non-party pursuant to a nondisclosure agreement, ; and customer-related or employee-related data.

c. Protected Data shall refer to any information that a party believes in good faith to be subject to federal, state, or foreign data protection laws or other privacy obligations, such as The Health Insurance Portability and Accountability Act and the regulations thereunder, 45 CFR Part I 60 and Subparts A and E of Part I 64

(medical information). The term "protected personal information" shall mean Social Security numbers, taxpayer identification numbers, driver's license or state identification numbers, passport numbers, bank account numbers, credit card or debit card numbers, personal identification (PIN) codes or passwords, medical information, or other personal information protected by law. Certain Protected Data may compel alternative or additional protections beyond those afforded by this

Order, in which event the parties shall meet and confer in good faith, and, if unsuccessful, shall move the Court for appropriate relief.

The parties shall take reasonable efforts not to designate as Confidential Material information that is already public knowledge.

3. The parties agree that such Confidential Material as described in paragraph 2 should be given the protection of an order of this Court to prevent injury through disclosure to persons other than those persons involved in the prosecution or defense of this litigation.

Procedure for Designating Information as Confidential

4. To designate information as confidential, the producing party shall mark Confidential Material with the legend "CONFIDENTIAL". Parties shall submit confidential discovery responses, such as answers to interrogatories or answers to requests for admissions, stamped with the appropriate legend designating those responses as Confidential Material. The Receiving Party may make copies of materials designated as Confidential Material and such copies shall become subject to the same protections as the Confidential Material from which those copies were made.

a. Information produced in electronic, native format may be designated confidential by designating "CONFIDENTIAL" in the filename of the document or file, and on any slipsheet associated with that document. The Receiving Party shall mark any hard-copy printouts and the storage medium of any permissible copies of such electronic material with the corresponding legend contained on the original and such copies shall become subject to the same protections, as the Confidential Material from which those copies were made.

b. Information disclosed at any deposition of a party taken in this action may be designated by the party as confidential by stating on the record at the deposition that the information is confidential and subject to the provisions of this Order. Alternatively, the party may designate information disclosed at the deposition as

confidential by notifying the court reporter and other parties in writing, within fifteen (15) business days of receipt of the transcript, of the specific pages and lines of the transcript which the party designates as confidential. The parties may agree to a reasonable extension of the 15 day period for designation. Designations of transcripts will apply to audio, video, or other recordings of the testimony. During such 15- day period, the entire transcript shall receive confidential treatment. Upon such designation, the court reporter and each party shall affix the "CONFIDENTIAL-SUBJECT TO PROTECTIVE ORDER" legend to the designated pages and segregate them as appropriate.

5. To the extent consistent with applicable law, the inadvertent or unintentional disclosure of Confidential Material that should have been designated as such, regardless of whether the information, document or thing was so designated at the time of disclosure, shall not be deemed a waiver in whole or in part of a party's claim of confidentiality, either as to the specific information, document or thing disclosed or as to any other material or information concerning the same or related subject matter. Such inadvertent or unintentional disclosure may be rectified by notifying in writing counsel for all parties to whom the material was disclosed that the material should have been designated Confidential within a reasonable time after disclosure. Such notice shall constitute a designation of the information, document or thing as Confidential Material under this Order. Once notice is given, the receiving party must make good-faith efforts to ensure that the documents or information are accorded treatment under the new designation. Within a reasonable period after giving notice, the producing party must reproduce the documents or information in a format that contains the new designation. If such information has been disclosed to persons not qualified pursuant to paragraph 13 below, the party who disclosed such information shall (a) take reasonable efforts to retrieve previously disclosed Confidential Material; (b) advise such persons that the

material is Confidential; and (c) give the producing party written assurance that steps (a) and (b) have been completed.

Data Security

6. The Parties agree to provide adequate security to protect data produced by the other party(ies) or by non-parties. This includes secure data storage systems and established security policies. Adequate security also includes such measures as data encryption in transit, data access controls, and physical security, whether hosted/outsourced to a vendor or on premises. At a minimum, any receiving party subject to the terms of this Protective Order, will provide reasonable measures to protect non-client data consistent with the American Bar Association Standing Committee on Ethics and Professional Responsibility, Formal Opinion 477R.

7. No party or authorized recipient may input, upload, or submit Confidential Material, in whole or in part, into any generative artificial intelligence platform unless the AI provider is contractually prohibited from: (1) storing or using inputs to train or improve its model; and (2) disclosing inputs to any third party except where such disclosure is essential to facilitating delivery of the service. Where disclosure to a third party is essential to service delivery, any such third party shall be bound by obligations no less protective than those required by this Order. In addition, the AI provider must contractually afford the party the ability to remove or delete all Confidential information upon request. It is expected under the Protective Order that any such use of an artificial intelligence platform, and results received from it, are (i) viewable only by persons authorized to receive Confidential Material under the Protective Order, (ii) not accessible to any person who is not authorized to receive Confidential Material under the Protective Order, (iii) available exclusively for a use that is expressly permitted by the Protective Order, (iv) protected by secure data encryption, (v) on premises or private cloud environments, and (vi) not used to train or improve any public Generative AI models.

Clawback Provisions

8. The production of privileged or work-product protected documents, electronically stored information (ESI) or information, whether inadvertent or otherwise, is not a waiver of the privilege or protection from discovery in this case or in any other federal or state proceeding.

9. This Order shall be interpreted to provide the maximum protection allowed by Federal Rule of Evidence (FRE) 502(d) and shall be enforceable and granted full faith and credit in all other state and federal proceedings by 28 U.S. Code § 1738. In the event of any subsequent conflict of law, the law that is most protective of privilege and work product shall apply.

10. Nothing contained herein is intended to or shall serve to limit a party's right to conduct a review of documents, ESI or information (including metadata) for relevance, responsiveness, and/or segregation of privileged and/or protected information before production.

11. A producing party must give written notice to any receiving party asserting a claim of privilege, work-product protection, or other ground for reclaiming documents or information (a "clawback request"). After a clawback request is received, the receiving party shall immediately sequester or destroy the document (if not already sequestered) and all copies thereof. A party receiving a Clawback Notice shall also use reasonable efforts to sequester, redact, or destroy any notes or other work product that refers to or excerpts the contents of the Protected Document.

12. A party in receipt of a Clawback Notice shall not review or use that document, or any work product containing information taken from that document, for any purpose, including in depositions or at trial, unless the documents are later designated by the Court as not privileged or protected. The receiving party also shall attempt, in good faith, to retrieve and return or destroy all copies of the Protected Document(s) in electronic format in litigation review databases or other locations used to store the documents, consistent with the above. No obligation to destroy materials shall require a receiving party to manually alter a production deliverable received.

Who May Receive Confidential Information

13. Confidential Material. Any material designated as Confidential Material and the information contained therein shall be disclosed only to:

(a) The Court and Court personnel, any appellate court in this action, and jurors;

(b) In-house counsel and outside counsel of record for each party (and their staff);

(c) Outside experts or consultants retained by outside counsel for purposes of this action, provided they have signed a non-disclosure agreement in the form attached hereto as Exhibit A;

(d) Vendors retained by or for the parties to assist in preparing for pretrial discovery, trial and/or hearings including, but not limited to, court reporters, litigation support personnel, jury consultants, individuals to prepare demonstrative and audiovisual aids for use in the courtroom or in depositions or mock jury sessions, as well as their staff, stenographic, and clerical employees whose duties and responsibilities require access to such materials;

(e) Named parties, their corporate affiliates, and their employees to whom disclosure is necessary in connection with the preparation for and trial of this action;

(f) During depositions and in preparation for depositions, non-party witnesses in this action to whom disclosure is reasonably necessary, provided they have signed a nondisclosure agreement in the form attached hereto as Exhibit A, and court reporters and recorders;

(g) The author or recipient of the document (not including a person who received the document in the course of litigation); and

(h) Other persons only by written consent of the producing party or upon order of the Court and on such conditions as may be agreed or ordered.

Duties in the Event of Unauthorized Disclosures

14. It shall be the obligation of counsel, upon learning of any unauthorized disclosure or threatened unauthorized disclosure of Confidential Information, or any other breach or threatened breach of the provisions of this Order, to promptly notify counsel for the Producing Party. The notification shall be supplemented with reasonable details of the circumstances of the disclosure in order to permit the producing party to understand and take appropriate steps. Each party and its counsel agree to take reasonable and good-faith efforts to contain or limit any breach promptly upon receiving notice of it, and to make reasonable and good-faith attempts to retrieve any unauthorized disclosure of documents or information. This provision does not limit the producing party's entitlement to damages resulting from any breach of this Order.

Authorized Uses of Confidential Material

15. Confidential Material shall be used only for the purpose of litigating the above-captioned lawsuit and may not be used in other lawsuits or for any other purpose. By way of example and not limitation, any party or its agents shall not share material designated as Confidential Material with any member of the public, the media, nongovernmental organizations, environmental groups, or legal counsel for any nongovernmental organizations or environmental groups in any form or fashion including, but not limited to, shared data bases, cloud-based platforms, SharePoint sites or similar share file applications, unless the designation is challenged as set forth below and a determination is made by the Court or the designating party that the material does not constitute Confidential Material.

16. Persons having knowledge of Confidential Material and information due to their participation in the conduct of this litigation shall use such knowledge and information only as permitted herein, and shall not disclose such Confidential Material, their contents or any portion or summary thereof to any person(s) not involved in the conduct of this litigation.

17. If any person having access to the Confidential Material herein shall violate this Order, he/she may be subject to sanctions by the Court and may be liable to pay for the damages caused by his/her violation.

Challenges to the Designation of Confidential Material

18. Any party or interested member of the public may move the Court to modify the designation of any documents or information produced in this litigation. (either to include additional protection with respect to confidentiality or to remove a confidential designation). Before making such a motion, the party or an interested member of the public shall first attempt to resolve such dispute with the producing party's counsel. Pending resolution of any challenges to the designation of documents or information, the material at issue shall continue to be treated as Confidential Material until ordered otherwise by the Court. If the designation of any materials or information as Confidential Material is removed or disallowed through the process described in this paragraph, the materials shall not be deemed Confidential Materials for any purpose under this Order.

Confidential Material In Filings, Hearings, and Trial

19. Confidential Material in Filings. Without written permission from the Producing Party or court order secured after appropriate notice to all interested persons, a party may not file Confidential Material in the public record in this action (or in any other action, such as an appeal). A party that seeks to file under seal any Confidential Material must comply with S.D. Ala.GenLR 5.2. Confidential Material may only be filed under seal in a manner prescribed by the Court for such filings.

20. Confidential Material in Hearings and Trial. The provisions of this Order shall not affect, and this Order does not limit, the admissibility of Confidential Material (or references to that material) as evidence at trial, or during a hearing or similar proceeding in this action. Prior to using Confidential Material or the information contained therein at any hearing that is open to the public, the party seeking to use the Confidential Material must give at least seven (7) days advance notice

(unless the Confidential Material was produced less than 7 days prior to the hearing) to the Producing Party of the intent to use the Confidential Material so that the Producing Party may seek an appropriate Court Order to protect the Confidential Material. This notice requirement does not apply to a Producing Party's use of its own Confidential Material.

Continuing Effect of this Order and Duty to Destroy

21. This Order shall continue to be binding throughout and after the conclusion of this litigation, including all appeals. Within sixty (60) days of settlement or final adjudication, including the expiration or exhaustion of all rights to appeal or petitions for extraordinary writs, each party or non-party to whom any Confidential Materials were produced shall, without further request or direction from the Producing Party, promptly destroy all documents, items or data received including, but not limited to, copies or summaries thereof, in the possession or control of any expert, agent, or employee. This requirement to destroy includes all documents, not only those documents designated as Confidential Material. Notwithstanding this provision, outside counsel is entitled to retain an archival copy of filings, trial, deposition, and hearing transcripts; attorney correspondence; deposition and trial exhibits; expert reports; attorney work product; and consultant and expert work product.

Procedure if Confidential Material Is Required to be Produced

22. If any person receiving documents covered by this Order is served with a subpoena, order, interrogatory, or document or civil investigative demand (collectively, a "Demand") issued in any other action, investigation, or proceeding, and such Demand seeks material that was produced or designated as Confidential Material by someone other than the Receiving Party, the Receiving Party shall give prompt written notice by hand or electronic transmission within five (5) business days of receipt of such Demand to the party or non-party who produced or designated the material as Confidential Material. **The party or non-party who produced the Confidential Material is responsible for objecting to the production of the materials. If an objection is timely filed, the**

**receiving party shall refuse to comply with the Demand, at the request of the party or non-party who produced or designated the material as Confidential Material, unless (a) ordered to do so by a court with jurisdiction over the Receiving Party; or (b) released in writing by the party or non-party who designated the material as Confidential Material.** The burden of opposing the enforcement of the Demand shall fall upon the party or nonparty who produced or designated the material as Confidential Material. Compliance by the Receiving Party with any order of a court of competent jurisdiction directing production of any Confidential Material, shall not constitute a violation of this Order.

Application of this Order to Productions by Third Parties

23. This Order may be used by third parties producing documents in connection with this action.

24. If a third party produces (or intends to produce) documents and does not designate (or does not intend to designate) those documents as Confidential Material, then any party to this action may seek to designate that third party's documents or categories of documents as Confidential Material. In that case, it will be the burden of the party seeking protected status to move for a Court order designating the materials as Confidential Material after the parties confer.

25. In the event additional parties join or intervene in this litigation, the newly joined party(ies) shall not have access to Confidential Material until its/their counsel has executed and, at the request of any party, filed with the Court the agreement of such party(ies) and such counsel to be fully bound by this Order.

26. The parties agree that nothing in this Order shall be deemed to limit the extent to which counsel for the parties may advise or represent their respective clients, conduct discovery, prepare for trial, present proof at trial, including any document designated Confidential Material as set forth herein, or oppose the production or admissibility of any information or documents which have been requested.

27. This Order shall remain in full force and effect until such time as it is modified, amended, or rescinded by the Court.

IT IS SO ORDERED this **2nd** day of **October, 2026.**

**/s/ SONJA F. BIVINS**
**UNITED STATES MAGISTRATE JUDGE**

EXHIBIT A TO PROTECTIVE ORDER

[CAPTION]

AFFIDAVIT OF COMPLIANCE WITH PROTECTIVE ORDER

1. My name is ____________________. My business or residential address is

____________________________. I am working on behalf (or at the direction and engagement) of

____________________________.

2. I am aware that a Protective Order has been entered in the above-captioned lawsuit. Acopy of this Protective Order has been given to me, and I have read and understand the provisions of same.

3. I acknowledge that documents and information designated as confidential pursuant tosuch Protective Order ("Confidential Materials") are being disclosed to me only upon the conditions that I agree (a) to be subject to the jurisdiction of this Court, and (b) to comply with that Order. I hereby agree to abide by such Order, subject to all penalties prescribed therein, including contempt of Court, for disobedience of said Order. I promise that the documents and information given confidential treatment under the Protective Order entered in this case will be used by me only to assist counsel for the parties in preparing for litigation of the above-captioned matter. I understand that any use of such Confidential Material in any manner contrary to the provisions of the Protective Order may subject me to the sanctions of this Court for contempt and to liability for any damages caused by my breach of the Protective Order.

4. shall not disclose nor permit to be reviewed or copied said Confidential Materials, or any information derived from, by any person other than the parties and counsel for the parties or members of their staff.

5. Within 60 days after the above-captioned lawsuit ends in a final non-appealable order,

I agree to destroy all Confidential Materials in my possession.

DATED: _________________, 20___

_____________________________________

Signature

_____________________________________

Printed Name